**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFFREY L. SENCINDIVER,**

    Plaintiff,

v.                                              Civil Action No. 3:08-CV-178
                                                     (BAILEY)

**MICHAEL J. ASTRUE,
Commissioner of Social
Security,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

<u>I.</u>    <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 17] and the plaintiff's Objections thereto [Doc. 19]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano,** 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ORDERED ADOPTED**.

1

II.     Background

On December 8, 2008, the plaintiff filed his Complaint [Doc. 1] seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge James E. Seibert, for proposed findings of fact and a recommended disposition. On December 7, 2009, the plaintiff filed a brief in support of his claim [Doc. 14], arguing that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled because there were jobs that existed in significant numbers in the national economy that the plaintiff could have performed. In so contending, the plaintiff presents the following three arguments of error.

First, the plaintiff asserts the ALJ improperly ignored objective medical evidence from his treating physicians that supported his subjective complaints. In this regard, the plaintiff alleges that the ALJ's reasons for discounting his symptoms are inadequate and not supported by substantial evidence. In response, the defendant contends that substantial evidence supports the ALJ's finding that the plaintiff's complaints concerning his functional limitations on and prior to the date last insured were not fully credible.

Second, the plaintiff claims the ALJ committed plain error by finding that he failed to establish any severe mental impairment prior to the plaintiff's date last insured, June 30, 2000. Specifically, the plaintiff argues the ALJ failed to take into account the overwhelming medical evidence of his severe head injury on February 10, 1999, and the subsequent physical and mental consequences of post-concussive syndrome and dizziness resulting from the trauma. In response, the defendant contends that the plaintiff failed to meet his burden of proving he had a mental impairment that significantly limited his ability to do basic

2

work activities. Additionally, the defendant contends the ALJ accounted for any potential functional limitations caused by the plaintiff's alleged psychological problems.

Third, the plaintiff alleges the ALJ improperly omitted non-exertional limitations in formulating his residual functional capacity ("RFC"). According to the plaintiff, these limitations include neck pain, dizziness, dramatic and significant deficits in all areas of memory functioning and his daily chronic symptoms of pain, postural limitations, headaches, vertigo, tinnitus, and the effect of their frequency, intensity, and duration. In response, the defendant contends the ALJ's RFC assessment generously accounted for all of the plaintiff's proven functional limitations as well as many of his unsubstantiated subjective complaints.

On January 5, 2010, the defendant filed a Motion for Summary Judgment [Doc. 15]. In support of this motion, the defendant argues that the ALJ's decision denying the plaintiff's claim for disability benefits is supported by substantial evidence and should be affirmed as a matter of law.

On January 12, 2010, Magistrate Judge Seibert rejected all three of the plaintiff's claims of error and recommended that the defendant's Motion for Summary Judgment be granted. ([Doc. 17] at 49-50). First, the magistrate judge found sufficient evidence to support the ALJ's decision to discredit the plaintiff's subjective complaints. (Id. at 44). In this regard, the magistrate judge noted that the ALJ properly relied upon objective medical evidence, which failed to support the plaintiff's subjective complaints. (Id.). Second, the magistrate judge concluded that the ALJ properly determined the plaintiff had not met his burden of proving he had a severe mental impairment on the plaintiff's date last insured. (Id. at 46). In so concluding, the magistrate judge emphasized that the plaintiff had failed

3

to identify under which listing the plaintiff's mental impairment could be characterized. (Id.). Third, the magistrate judge found that the ALJ properly formulated the plaintiff's RFC. (Id. at 48). Specifically, the magistrate judge noted that the ALJ appropriately considered the objective medical evidence, none of which supports the plaintiff's contention that he has non-exertional limitations. (Id.).

III. Discussion

In his Objections [Doc. 19], timely filed on January 29, 2010, the plaintiff takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the plaintiff's three claims of error discussed above.

**A. ALJ's Decision to Discredit the Plaintiff's Subjective Complaints**

In his Complaint, the plaintiff asserts the ALJ improperly ignored objective medical evidence from his treating physicians that supported his subjective complaints. The magistrate judge rejected this assertion. The plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the ALJ's decision to discredit the plaintiff's subjective complaints.

In his Objections, the plaintiff restates his argument that "[t]he ALJ's decision was not supported by substantial evidence and the ALJ ignored objective evidence from the [plaintiff's] treating physicians that supported his subjective complaints . . .."[1] ([Doc. 19] at 1). More specifically, the plaintiff contends only one of his treating physicians, Dr. Boone,

---

[1]The Court will construe this argument as implying that the magistrate judge erred by finding that the ALJ's decision in this regard is supported by sufficient evidence, particularly objective medical evidence tending to contradict the plaintiff's subjective complaints.

4

indicated his performance was suggestive of deliberate attempts to produce the outcome of his tests. In this regard, the plaintiff concedes Dr. Parsons made a finding that his level of memory impairment may not have been consistent with his presentation. However, the plaintiff claims Dr. Parsons "did not make the suggestion that [the plaintiff] was deliberately or intentionally trying to exaggerate his symptoms." (Id. at 2). Moreover, the plaintiff emphasizes that one treating physician, Dr. Haut, actually supported the plaintiff's credibility. (Id. at 3). Specifically, in December 2000, Dr. Haut found that the plaintiff's "effort was good and there was no indication of embellishment of cognitive symptoms, general cognitive deficiency was reduced . . . verbal learning through repetition revealed significant retrievable problems. The results of this evaluation are consistent with an individual who has sustained a concussion and has lingering post concussive syndrome." (Id.). In addition to Dr. Haut's report, the plaintiff argues the ALJ ignored the findings of five other treating physicians who concluded that the plaintiff suffered from post-concussive syndrome, including Dr. Lynch, Dr. Zyznewsky, Dr. Crabtree, Dr. Martin, and Dr. Wetmore (Id. at 3-4).

This Court finds, however, substantial evidence[2] supports the ALJ's decision to discredit the plaintiff's subjective complaints. In so concluding, this Court finds that the ALJ properly applied the two-part test in ***Craig v. Chater***, 76 F.3d 585 (4th Cir. 1996). Under ***Craig***, when a claimant alleges disability from subjective symptoms, he must first show the

---

[2]"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." ***Hays v. Sullivan***, 907 F.2d 1453, 1456 (4th Cir. 1990). Described another way, "substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" ***Pierce v. Underwood***, 487 U.S. 552, 664-65 (1988).

5

existence of a medically determinable impairment that could cause the symptoms alleged. *Id.* at 594. Next, the ALJ must "expressly consider" whether a claimant has such an impairment. *Id.* at 596. In so doing, however, the ALJ need not credit the claimant's subjective complaints insofar as they are inconsistent with the objective medical evidence or to the extent the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. *Id.* at 595.

Here, in following the first step of *Craig*, the ALJ found that "claimant's medically determinable impairments present through his date last insured could have been reasonably expected to produce the alleged symptoms." Next, in accordance with the second step of *Craig*, the ALJ found that "claimant's [and] his wife's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." The ALJ dedicated nearly seven pages of analysis explaining his reasoning for discrediting the plaintiff's testimony. Specifically, the ALJ examined the objective medical evidence, the plaintiff's daily activities, and the plaintiff's statements concerning the limiting effects of his symptoms and their inconsistencies with the record. However, in concluding that the plaintiff had "exaggerated the extent of his headache pain and his vertigo and memory loss," the ALJ relied primarily on the objective medical evidence. In particular, the ALJ relied upon a May 2000 MRI, which failed to confirm the plaintiff's subjective complaints of dizziness, as well as a number of examinations tending to suggest the plaintiff had exaggerated the degree of his dizziness and memory loss.

Unlike the plaintiff's suggestion in his Objections, more examinations than those

6

conducted by Dr. Boone revealed likely exaggerations in the plaintiff's presentation.[3]  First, the plaintiff is in error to suggest that Dr. Parsons "did not make the suggestion that [the plaintiff] was deliberately or intentionally trying to exaggerate his symptoms."  In fact, Dr. Parsons opined that the plaintiff's 2002 test scores, which were lower than the scores from two years earlier, "might indicate *poor effort* on the memory tasks, *exaggeration* of memory difficulties, or a conversion order." ([Doc. 17] at 42) (emphasis added).  Similarly, in August 2001, Dr. Martin reported that "there were notable discrepancies between the claimant's functional status and his reports of severity of his dizziness and some inconsistencies documented by the physiotherapist."  (Id. at 41).  Finally, with regard to Dr. Haut's December 2000 report, which found "no indication of embellishment of cognitive symptoms," the ALJ reasonably determined its findings were outweighed by the those of other treating physicians over the next four years.  Therefore, this Court concludes that the findings of Dr. Boone, Dr. Parsons, and Dr. Martin, as well as the 2000 MRI, provide substantial evidence to support the ALJ's decision to discredit the plaintiff.  Accordingly, the plaintiff's Objections, insofar as they relate to the ALJ's decision to discredit the plaintiff's subjective complaints, are **OVERRULED**.

**B.     ALJ's Decision  to Find a Severe Mental Impairment**

In his Complaint, the plaintiff claims the ALJ committed plain error by finding that he failed to establish any severe mental impairment prior to the plaintiff's date last insured,

---

[3]The Court notes that Dr. Boone found discrepancies in the plaintiff's presentation on two separate occasions, once in October 2003 and another time in May 2004.  Thus, even if Dr. Boone was the only treating physician to suggest that the plaintiff had exaggerated his subjective complaints, his reports would still provide strong evidence upon which the ALJ could have based his decision to discredit the plaintiff.

June 30, 2000. The magistrate judge rejected this claim. The plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the ALJ's decision not to find a severe mental impairment.

In his Objections, the plaintiff argues the magistrate judge's conclusion is "not only against the greater weight of the evidence, but fails to take into account the overwhelming medical evidence of the [plaintiff's] treating physicians and his own subjective complaints." ([Doc. 19] at 1). Specifically, the plaintiff claims his medical records demonstrate that he had a severe mental impairment resulting from his concussion on February 10, 1999. (Id. at 4). According to the plaintiff, this impairment manifested itself in the form of dizziness, vertigo, headaches, and loss of memory function. (Id.). However, the plaintiff admits this impairment may not have fully and completely manifested itself by his date last insured. (Id.). The plaintiff contends, nevertheless, that his condition continued to worsen as a direct and proximate result of his injury on February 10, 1999. (Id.).

This Court finds, however, that substantial evidence supports the ALJ's decision not to find that the plaintiff had a severe mental impairment prior to his date last insured. In so holding, this Court finds that the plaintiff failed to bear his burden of demonstrating that his mental impairments, if any, were "severe."[4] An impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 1521(a); *see also* **Evans v. Heckler**, 734 F.2d 1012 (4th

---

[4]The Supreme Court has established that a claimant bears the burden of demonstrating the severity of his or her mental impairment. *See* **Bowen v. Yuckert**, 482 U.S. 137, 146, n.5 (1987).

Cir. 1984) (defining a severe impairment as "one which impacts more than minimally on an individual's functional ability to perform basic work activities"). Basic work activities are defined in the regulations as the abilities or aptitudes necessary to do most jobs. 20 C.F.R. § 404.1521(b). Moreover, mental impairments are evaluated according to the relevant listings in the appendix to the regulations. *See* 20 C.F.R. Pt. 404 App. 1, 12.00. Specifically, listing 12.00 enumerates nine categories of mental impairments, which can be established by "medical evidence consisting of symptoms, signs, and laboratory findings (including psychological test findings)." Listing 12:00(B). These categories include: (1) organic mental disorders; (2) schizophrenic, paranoid, and other psychotic disorders; (3) affective disorders; (4) mental retardation; (5) anxiety related disorders; (6) somatoform disorders; (7) personality disorders; (8) substance addiction disorders; and (9) autistic disorder and other pervasive developmental disorders.

Here, the plaintiff failed in at least two ways to meet his burden of proving the existence of a severe mental impairment. First, the plaintiff failed to identify under which listing his mental impairment could be categorized. As a result, the ALJ could not properly analyze the severity of any alleged impairment, as required under listing 12.00. Second, even if the plaintiff had properly identified his alleged mental impairment, his claim would still fail for lack of medical evidence. In particular, the plaintiff failed to document any mental health treatment prior to his date last insured. For these reasons, this Court concludes that the ALJ's decision not to find a severe mental impairment is supported by substantial evidence. Accordingly, the plaintiff's Objections, insofar as they relate to the ALJ's decision not to find a severe mental impairment, are **OVERRULED**.

## C. ALJ's Formulation of the Plaintiff's RFC

In his Complaint, the plaintiff alleges the ALJ improperly omitted non-exertional limitations in formulating his RFC. The magistrate judge rejected this claim. The plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the ALJ's formulation of the plaintiff's RFC.

In his Objections, the plaintiff restates his argument that "[t]he ALJ's (RFC) assessment did not adequately account for all the [plaintiff's] proven functional limitations."[5] ([Doc. 19] at 1). Specifically, the plaintiff argues the ALJ ignored the observations of his treating physicians, which supported his contention that he had non-exertional limitations. (Id. at 4). According to the plaintiff, these limitations include neck pain, dizziness, memory loss, pain, postural limitations, headaches, vertigo, and tinnitus. (Id.).

This Court finds, however, that substantial evidence supports the ALJ's formulation of the plaintiff's RFC. In so concluding, this Court finds that there is no objective medical evidence on the record indicating that the plaintiff's claims of dizziness and other alleged mental impairments give rise to limitations beyond those accommodated for in the RFC. First, it is well established that an ALJ is not required to incorporate into a claimant's RFC limitations the ALJ has rejected as not fully credible. See **Lee v. Sullivan**, 945 F.2d 687, 692 (4th Cir. 1991). Here, because substantial evidence supports the ALJ's finding that the plaintiff's subjective complaints were not fully credible, the ALJ was not required to

---

[5]The Court will construe this argument as implying that the magistrate judge erred by finding that the ALJ properly formulated the plaintiff's RFC, particularly emphasizing the ALJ's reliance upon objective medical evidence that failed to support the plaintiff's contention that he has non-exertional limitations.

incorporate those complaints into the plaintiff's RFC. Second, the ALJ's RFC generously accounted for all of the plaintiff's proven functional limitations as well as many of his unsubstantiated subjective complaints. For example, the ALJ accounted for the plaintiff's complaints of vertigo by limiting him to jobs that did not involve exposure to unprotected heights or dangerous, moving machinery. In addition, the ALJ accounted for the plaintiff's complaints of cognitive difficulties by limiting him to simple, routine, one-to-three step tasks. The objective medical evidence did not support any further limitations. For these reasons, this Court finds the ALJ's formulation of the plaintiff's RFC is supported by significant evidence. Accordingly, the plaintiff's Objections, insofar as they relate to the ALJ's RFC assessment, are **OVERRULED**.

IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 17]** should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 19]** are **OVERRULED**. Therefore, this Court **ORDERS** that the defendant's Motion for Summary Judgment **[Doc. 15]** is hereby **GRANTED**. Accordingly, the Court hereby **DISMISSES with prejudice** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: February 3, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE